IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALABAMA SELF INSURED WORKERS COMPENSATION FUND, f/k/a BUSINESS COUNCIL OF ALABAMA WORKERS COMPENSATION SELF-INSURERS FUND,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL REINSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL CASE NO. 2:24-cv-811-ECM<br>)                  [WO]<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Alabama Self Insured Workers Compensation Fund ("Fund"), f/k/a Business Council of Alabama Workers Compensation Self-Insurers Fund, brought this suit against Defendants General Reinsurance Corporation ("GRC") and Genesis Management & Insurance Services, LLC ("GMIS") (collectively, "Defendants") in Alabama state court. The Fund alleges that the Defendants, its insurers, have refused to reimburse it for expenses that the Defendants are contractually obligated to reimburse, pursuant to Agreement of Reinsurance No. C344 ("Agreement"). The Fund brings eight counts and seeks damages, prejudgment interest, post-judgment interest, and costs.

The Defendants removed the case to this Court on December 16, 2024. (Doc. 1). The Court has jurisdiction over this matter pursuant to its diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties are completely diverse, (doc. 1 at 7), and the amount in

controversy exceeds $75,000, exclusive of interest and costs, (*id.* at 3–6). *See* 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations to support both.

Now pending before the Court is GRC's unopposed motion to compel arbitration and stay or dismiss this action.[1] (Doc. 3). The Fund provides workers compensation insurance to companies that do business in Alabama and purchased reinsurance from GRC via the Agreement. (*Id.* at 2). The Agreement was "solely between the Fund and [GRC]," (doc. 3-2 at 3),[2] and was in effect from January 1, 2002, to December 31, 2003. (*Id.*). The disputed reimbursements in this case arise out of an injury that befell one of the Fund's participants in 2003. Therefore, the parties agree that the Agreement is the relevant contract for the purpose of this dispute. The Agreement contains an arbitration clause, which requires that "[a]ll unresolved differences of opinion between the Fund and the Reinsurer relating to this Agreement . . . shall be submitted to arbitration consisting of one arbitrator chosen by the Fund, one arbitrator chosen by [GRC], and a third arbitrator chosen by the first two arbitrators." (*Id.* at 11).

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a

---

[1] The motion is unopposed to the extent GRC requests the Court to compel arbitration and stay the case. The Fund is opposed, however, to dismissing the case altogether.

[2] "Although GMIS is not a party to the Agreement, its interests are aligned with those of GRC because it handles claims on behalf of GRC. . . . The GRC Defendants dispute that the Fund may sue GMIS for any of the counts in the Complaint, but regardless of merit, GMIS agrees to submit to and be bound by the Arbitration process, along with GRC and the Fund, the two parties who specifically agreed to be bound." (Doc. 3 at 4).

controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The parties agree that a valid agreement to arbitrate exists, and they do not dispute that the arbitration provisions satisfy the FAA's requirement of a contract "involving commerce." *See id.* Section 3 of the FAA empowers the Court to stay this action while the parties submit to arbitration. *See id.* § 3. Accordingly, upon consideration of GRC's unopposed motion, and for good cause, it is

ORDERED that the motion to compel arbitration (doc. 3) is GRANTED, and this case is STAYED pending further Orders of this Court so the parties may submit to arbitration. To the extent the motion seeks dismissal of this action, it is DENIED. It is further

ORDERED that **on or before the fifth day of each month, beginning on October 1, 2025**, the parties shall file a joint status report advising the Court of the status of the arbitration.

DONE this 31st day of March, 2025.

                                               /s/ Emily C. Marks  
                                              EMILY C. MARKS  
                                              CHIEF UNITED STATES DISTRICT JUDGE